In the Matter of the Claim of SARAH GOLDIN, Appellant, against MAX SCHNECK & SONS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board which denied her claim on the ground that timely notice of injury was not given pursuant to section 18 of the Workmen's Compensation Law. Previously the board had made an award upon the ground that the employer had not been prejudiced by the failure to give notice. Upon appeal to this court the case was remitted for further consideration because the naked finding that the employer was not prejudiced was unsupported by evidence. (2 A D 2d 641.) Further hearings were held and the board has now found that timely notice was not given; that claimant's reasons, for not giving notice were unsatisfactory and that the employer was prejudiced by the failure to give notice " in that it was prevented for a year from investigating the accident and from providing prompt medical attention to claimant." We think a factual situation is presented by the record which is exclusively within the province of the board to decide. The. mere fact that the statute permits the board to excuse late notice does not require it to do so. Nor can the employer decide the question by testifying to the conclusion of prejudice. The question must be decided from inferences to be drawn by the board from the circumstances of each particular case. The fact that the board has found the other way under similar circumstances does not bind it. (*Matter of McSweeney* v. *Hammerlund Mfg. Co.,* 275 App. Div. 447.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.